AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern District of New York

LOUIS MARTIR and LILIANA MARTIR,

          Plaintiffs,

V.

THE CITY OF NEW YORK, THE NEW YORK CITY HEALTH
AND HOSPITALS CORP., JOSE R. SANCHEZ,
FRANK J. CIRILLO and ALAN D. AVILES,

          Defendants.

AMENDED

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 07 CIV 7922

TO: (Name and address of Defendant)

JOSE R. SANCHEZ
FRANK J. CIRILLO
ALAN D. AVILES
c/o NYC HEALTH & HOSPITALS CORP.
125 Worth St., New York, NY 10007

THE CITY OF NEW YORK
One Centre Street
New York, NY 10007

NYC HEALTH & HOSPITALS CORP.
125 Worth Street
New York, NY 10007

ALAN AVILES, 148 St. John's Place, Brooklyn, NY 11217
FRANK CIRILLO, 26 Julianne Ct., Freehold, NJ 07728
JOSE SANCHEZ, 4724 188th St., Flushing, NY 11358

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

WEITZ & LUXENBERG, P.C.
180 Maiden Lane
New York, NY 10038
212-558-5500

an answer to the complaint which is served on you with this summons, within ___twenty (20)___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

(By) DEPUTY CLERK

DATE

OCT 24 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LOUIS MARTIR AND LILIANA MARTIR,

                      Plaintiffs,                  Docket No. 07 CIV 7922

        -against-                            AMENDED
                                                    COMPLAINT
THE CITY OF NEW YORK, THE NEW YORK
CITY HEALTH AND HOSPITALS CORPORATION,    Plaintiffs Demand
JOSE R. SANCHEZ, FRANK J. CIRILLO and             Trial by Jury
ALAN D. AVILES,

                      Defendants.
------------------------------------------------------------------X

      Plaintiffs, LOUIS MARTIR and LILIANA MARTIR, as and for their Complaint against the defendants, allege that at all relevant times hereinafter mentioned:

## NATURE OF ACTION

1. This action seeks to recover damages for violations of Amendments 1 and 14 of the United States Constitution, 42 USC 1983, New York State Labor Law Sections 740, 741, New York State Civil Service Law Sections 75 and 75-b, New York City Administrative Code, Section 12-113, violations of the plaintiff LOUIS MARTIR'S right to privacy, defamation and slander perpetrated by the defendants against the plaintiff, LOUIS MARTIR, loss of services suffered by the plaintiff LILIANA MARTIR, the spouse of LOUIS MARTIR, attorney fees, pain and suffering, emotional distress, lost earnings, loss of benefits, pension benefits and punitive damages.

## PARTIES

2. Plaintiffs LOUIS MARTIR and LILIANA MARTIR reside at 12 Brookhill Drive, West Nyack, New York 10994.

3. THE CITY OF NEW YORK maintains offices at One Centre Street, New York, NY 10007.

4. NEW YORK CITY HEALTH AND HOSPITALS CORPORATION maintains offices at 125 Worth Street, New York, NY 10007.

5. JOSE R. SANCHEZ, a Senior Vice President of the Metropolitan Hospital Center, and the plaintiff LOUIS MARTIR'S immediate supervisor, 125 Worth Street, New York, NY.

6. FRANK J. CIRILLO, the Senior Vice President of Operations for the NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, 125 Worth Street, New York, NY.

7. ALAN D. AVILES, the President of the NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, 125 Worth Street, New York, NY.

FACTS

8. The plaintiff, LOUIS MARTIR, became employed by the defendant NEW YORK CITY HEALTH AND HOSPITALS CORP. as the Executive Director of The Metropolitan Hospital Center, New York, NY on September 9, 2002. His duties included acting as the Chief Financial Officer as well as the Executive Director responsible for the day to day operation of said institution, the delivery of health care to its patients and to the community as well as managing the finances of the hospital to maximize and improve the quality and level of medical and health care provided at the subject facility.

9. On September 8, 2006, the plaintiff, LOUIS MARTIR, was terminated from his position as Executive Director because he exercised his right of Freedom of Speech as guaranteed by the First and Fourteenth Amendments of the Constitution of the United

States of America and 42 USC 1983.

10. Prior thereto and in violation of said individual civil rights, the plaintiff was transferred to the Woodhull Hospital, located in Brooklyn, New York and demoted.

11. Said actions were taken against the plaintiff, LOUIS MARTIR, in retaliation for his expressing and voicing objections to and refusing to comply with and participate in accounting and bookkeeping practices that were improper, inappropriate, illegal and, contrary to law, and which ignored the paying of salaries to employees who were not working.

12. The plaintiff, LOUIS MARTIR, stated his objections and complaints to his immediate supervisor, JOSE R. SANCHEZ, as well as to FRANK J. CIRILLO, ALAN D. AVILES and to the Inspector General of the NEW YORK CITY HEALTH AND HOSPITALS CORP.

13. Said practices improperly charged the Metropolitan Hospital Center with payroll and other expenses not incurred by or chargeable to, which caused funds to be improperly allocated to payroll, all to the detriment of said facility, its patients and the community it was intended to serve.

14. That the aforesaid financial and bookkeeping irregularities and improprieties caused the diminution of patient services and medical care.

15. The dialysis service was severely compromised and the deficiencies in said service presented a serious threat to the health and physical well being of patients.

16. The failure of the METROPOLITAN HOSPITAL CENTER to maintain full time, twenty-four (24) hour coverage of the Neonatal Intensive Care Unit, NICU, by an attending neonatalogist and to supervise neonatology residents during said time

presented a grave risk to the health and well being of neonates. Said shortcomings and deficiencies necessitated the transfer of a neonate to another facility, further jeopardizing said patient's health and well-being.

17. Entering into contracts with vendors that were detrimental to the hospital, its patients and the community and to the benefit of said vendors.

18. The aforesaid practices and such other various and nefarious acts which were improper, inappropriate, illegal and contrary to law, seriously jeopardized the level, extent and quality of patient care and medical services provided to the patients at said hospital and to the community at large.

19. Said practices and acts complained of violated law, rules and/or regulations, created and presented a substantial and specific danger to the public health and/or safety and which also constituted health care fraud.

20. Said plaintiff, LOUIS MARTIR, was wrongfully discharged from his employment as a consequence of the aforesaid objections and complaints raised by him and his exercise of his constitutionally guaranteed right of Free Speech and Expression.

21. Further, the defendants, individually, jointly and severally violated the plaintiff LOUIS MARTIR'S right to privacy by divulging and revealing his medical condition with the intention of embarrassing and humiliating him.

22. Said violations of the plaintiff LOUIS MARTIR'S constitutionally guaranteed right to privacy was engaged in by the defendants, JOSE R. SANCHEZ, FRANK J. CIRILLO and ALAN D. AVILES individually and in their capacities as officers and employees of the defendants THE CITY OF NEW YORK and THE NEW YORK CITY HEALTH AND HOSPITALS CORPORATION and within the scope of their

employment.

23. The conduct of the defendants, individually, jointly and severally and the corporate defendants, THE CITY OF NEW YORK and THE NEW YORK CITY HEALTH AND HOSPITALS CORP., through its agents, employees and officers, violated the plaintiff LOUIS MARTIR'S rights guaranteed under the Constitution of the United States of America, 42 USC 1983, the Constitution of the State of New York, the laws and statutes of the State of New York and the Administrative Code of the City of New York.

24. Said demotion, transfer and termination were retaliatory actions and a wrongful discharge engaged in by the defendants, individually, jointly and severally in retaliation for the plaintiff LOUIS MARTIR'S exercise of his Freedom of Speech and Expression.

25. Said violations of the plaintiff LOUIS MARTIR'S right to privacy and the defamation and slander of his good name and reputation, were intentional acts engaged in by the defendants with malice and which were also intended to deter, discourage and intimidate the plaintiff from exercising his right of Freedom of Speech and Expression.

26. At all times hereinafter mentioned, defendant THE CITY OF NEW YORK is and was a municipal corporation operating within and by virtue of the laws of the State of New York.

27. At all times hereinafter mentioned, defendant THE CITY OF NEW YORK owned, operated, managed and controlled Metropolitan Hospital Center and its employees.

28. That on the 7th day of December, 2006, defendant THE CITY OF NEW

YORK was duly served with a Notice of Claim concerning the facts and circumstances of the within action.

29. Defendant THE CITY OF NEW YORK has not requested that plaintiff submit to a statutory hearing (oral examination).

30. More than thirty (30) days have elapsed since the presentation of said Notice of Claim and no adjustment or payment has been made by defendant, THE CITY OF NEW YORK, or same had neglected, failed or refused to do so.

31. At all times hereinafter mentioned, defendant, NEW YORK CITY HEALTH AND HOSPITALS CORPORATION is and was a municipal corporation operating within the State of New York under and by the virtue of the laws of the State of New York.

32. At all times hereinafter mentioned, defendant, NEW YORK CITY HEALTH AND HOSPITALS CORPORATION owned, operated, managed and controlled Metropolitan Hospital Center and its employees.

33. That on the 7th day of December, 2006, defendant NEW YORK CITY HEALTH AND HOSPITALS CORPORATION was duly served with a Notice of Claim concerning the facts and circumstances of this action.

34. Defendant NEW YORK CITY HEALTH AND HOSPITALS CORPORATION has not requested that plaintiff submit to a statutory hearing (oral examination).

35. More than thirty (30) days have elapsed since the presentation of said Notice of Claim and no adjustment or payment has been made by defendant, NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, or same has neglected, failed or refused

to do so.

36. This action is being commenced within one year of the date of the occurrence herein.

37. The plaintifff, LOUIS MARTIR, has suffered loss of earnings, benefits and pension benefits.

38. The defendants, THE CITY OF NEW YORK and THE NEW YORK CITY HEALTH AND HOSPITALS CORP. are liable and responsible for the actions of their agents, employees and officers under the Doctrine of Respondeat Superior.

39. The plaintiffs demand trial by jury.

## AS AND FOR PLAINTIFF LOUIS MARTIR'S FIRST CAUSE OF ACTION:

40. Plaintiff repeats, realleges and reiterates paragraphs "1" through "39", inclusive, as if hereinafter set forth at length.

41. By and through its course of conduct, the defendants, their employees, agents and officers individually, jointly and severally violated the civil rights of the plaintiff, LOUIS MARTIR, and his right of Freedom of Speech guaranteed by the Constitution of the United States Amendments One and Fourteen and protected by 42 USC 1983.

42. The plaintiff, LOUIS MARTIR, has thereby been damaged in the sum of TEN MILLION ($10,000,000) DOLLARS and attorney's fees.

## AS AND FOR PLAINTIFF LOUIS MARTIR'S SECOND CAUSE OF ACTION:

43. Plaintiffs repeat, reallege and reiterate paragraphs "1" through "42", inclusive as if hereinafter set forth at length.

44. By and through its course of conduct, the defendants, their employees, agents

and officers individually, jointly and severally, violated the plaintiff LOUIS MARTIR'S right to Freedom of Speech.

45. Thus, said defendants violated 42 USC 1983.

46. The plaintiff, LOUIS MARTIR, has thereby been damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS and attorney's fees.

AS AND FOR PLAINTIFF LOUIS MARTIR'S THIRD CAUSE OF ACTION:

47. Plaintiffs repeat, reallege and reiterate paragraphs "1" through "46", inclusive, as if hereinafter set forth at length.

48. By and through its course of conduct, the defendants, their employees, agents and officers individually, jointly and severally, violated New York State Labor Law sections 740 and 741.

49. Said discharge was in retaliation for the plaintiff's objections and complaints as to the aforesaid practices which violated law, rules and/or regulations which created and presented a substantial and specific danger to the public health and/or safety and which also constituted health care fraud.

50. The plaintiff, LOUIS MARTIR, has thereby been damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

AS AND FOR PLAINTIFF LOUIS MARTIR'S FOURTH CAUSE OF ACTION:

51. Plaintiff repeats, realleges and reiterates paragraphs "1" through "50", inclusive, as if hereinafter set forth at length.

52. By and through its course of conduct, the defendants, their employees, agents and officers, individually, jointly and severally, violated New York State Civil Service Law Sections 75 and 75-b.

53. Said discharge was in retaliation for the plaintiff's objections and complaints as to the aforesaid practices which violated law, rules and/or regulations, which created and presented a substantial and specific danger to the public health and/or safety and which also constituted health care fraud.

54. The plaintiff, LOUIS MARTIR, has been damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

AS AND FOR PLAINTIFF LOUIS MARTIR'S FIFTH CAUSE OF ACTION:

55. Plaintiff repeats, realleges and reiterates paragraphs "1" through "54", inclusive, as if hereinafter set forth at length.

56. By and through its course of conduct, the defendants, their employees, agents and officers individually, jointly and severally, violated the New York City Administrative Code Section 12-113.

57. Said discharge was in retaliation for the plaintiff's objections and complaints as to the aforesaid practices which violated law, rules and/or regulations which created and presented a substantial and specific danger to the public health and/or safety and which also constituted health care fraud.

58. The plaintiff, LOUIS MARTIR, has thereby been damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

AS AND FOR PLAINTIFF LOUIS MARTIR'S SIXTH CAUSE OF ACTION:

59. Plaintiff repeats, realleges and reiterates paragraphs "1" through "58", inclusive, as if hereinafter set forth at length.

60. By and through its course of conduct, the defendants, their employees, agents and officers individually, jointly and severally, violated the plaintiff LOUIS MARTIR'S

LAW OFFICES OF WEITZ & LUXENBERG, P.C.
180 MAIDEN LANE
EW YORK, N.Y. 10038

right to privacy.

61. Said defendants revealed the plaintiff's medical and mental health condition to others with the intention of embarrassing and humiliating the plaintiff, LOUIS MARTIR.

62. Said actions were malicious and intended to interfere with the plaintiff LOUIS MARTIR'S ability to pursue employment and were intentional.

63. Said actions caused the plaintiff LOUIS MARTIR to suffer emotional distress.

64. The plaintiff, LOUIS MARTIR, has thereby been damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS and the plaintiff seeks punitive damages, compensatory and special damages and has suffered mental pain and anguish.

AS AND FOR PLAINTIFF LOUIS MARTIR'S SEVENTH CAUSE OF ACTION:

65. Plaintiff repeats, realleges and reiterates paragraphs "1" through "64", inclusive, as if hereinafter set forth at length.

66. The defendant JOSE R. SANCHEZ, individually and a an employee and as an officer of the defendant NEW YORK CITY HEALTH AND HOSPITALS CORPORATION defamed and slandered the plaintiff LOUIS MARTIR by making intentionally false allegations and statements as to the plaintiff LOUIS MARTIR'S state of health and medical condition.

67. Said defendant stated to the Dean of the New York Medical College, Ralph O'connell, and to Marlene Zorac that "the plaintiff had a medical condition which was the reason for his discharge".

68. Said statements were made on or around July 24, 2006.

69. Said defendant, JOSE R. SANCHEZ, said to Marlene Zorac that the "plaintiff's departure was due to cancer".

70. Said statement was made by JOSE SANCHEZ on or around August 21, 2006.

71. Said defendant, JOSE R. SANCHEZ, said to Debra Cates that "the plaintiff had cancer and was leaving for that reason".

72. Said statement was made on or around August 23, 2006.

73. The defendant NEW YORK CITY HEALTH AND HOSPITALS CORP. through its agents, employees and officers, disseminated a false statement to the Nursing Staff at the Metropolitan Hospital Center, that the plaintiff, LOUIS MARTIR, was resigning due to a medical condition.

74. Said false statement was made on July 24, 2006.

75. All of the aforesaid defamatory and slanderous statements were malicious and were intended to injure and did injure the plaintiff LOUIS MARTIR'S good name and reputation in the health care community. Said actions were intentional.

76. The plaintiff LOUIS MARTIR has thereby been damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS and plaintiff seeks punitive damages, compensatory and special damages and has suffered mental pain and anguish.

AS AND FOR PLAINTIFF LOUIS MARTIR'S EIGHTH CAUSE OF ACTION:

77. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "76", inclusive as if hereinafter set forth at length.

78. Plaintiff, LILIANA MARTIR, was and still is the spouse of the plaintiff, LOUIS MARTIR.

79. By reason of the damages and injuries sustained by her husband, plaintiff,

LILIANA MARTIR, has been deprived of the services, society, care, comfort, and consortium of her husband, all in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

WHEREFORE, the plaintiffs demand judgment on the First Cause of Action in the sum of TEN MILLION ($10,000,000.00) DOLLARS and attorney's fees; the Second Cause of Action in the sum of TEN MILLION ($10,000,000.00) DOLLARS and attorney's fees; the Third Cause of Action in the sum of TEN MILLION ($10,000,000.00) DOLLARS; the Fourth Cause of Action in the sum of TEN MILLION ($10,000,000.00) DOLLARS; the Fifth Cause of Action in the sum of TEN MILLION ($10,000,000.00) DOLLARS; the Sixth Cause of Action in the sum of TEN MILLION ($10,000,000.00) DOLLARS and punitive damages; the Seventh Cause of Action in the sum of TEN MILLION ($10,000,000.00) DOLLARS and punitive damages; and the Eighth Cause of Action in the sum of TWO MILLION ($2,000,000.00) DOLLARS, Punitive Damages, attorneys' fees, together with the costs, disbursements and interest from September 8, 2006.

Dated: New York, New York
       October 17, 2007

                              WEITZ & LUXENBERG, P.C.
                              Attorneys for Plaintiffs
                              180 Maiden Lane
                              New York, NY 10038
                              (212) 558-5500

                              By _____
                                 Edward S. Bosek, Esq.