UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
LOUIS MARTIR and LILIANA MARTIR,

                                        Plaintiffs,          **ANSWER TO AMENDED**
                                                             **COMPLAINT**
                    - against -
                                                             07 Civ. 7922 (LTS)(KNF)
THE CITY OF NEW YORK, THE NEW YORK CITY
HEALTH AND HOSPITALS CORPORATION, JOSE R.
SANCHEZ, FRANK J. CIRILLO and ALAN D. AVILES,

                                        Defendants.

------------------------------------------------------------------------x

        Defendants, by their attorney, Michael A. Cardozo, Corporation Counsel of the

City of New York, for their Answer to the Amended Complaint, dated October 17, 2007,

respectfully allege as follows:

        1.      Deny the allegations set forth in paragraph "1" of the Complaint, except

admit that plaintiff purports to proceed as set forth therein.

        2.      Deny knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph "2" of the Complaint.

        3.      Admit the allegations set forth in paragraph "3" of the Complaint.

        4.      Admit the allegations set forth in paragraph "4" of the Complaint.

        5.      Deny the allegations set forth in paragraph "5" of the Complaint, and

affirmatively state that defendant Jose R. Sanchez currently holds the titles of Senior Vice

President in charge of defendant New York City Health and Hospitals Corporation's ("HHC's")

Generations Plus Northern Manhattan Health Network and Executive Director of Lincoln

Medical and Mental Health Center and served as plaintiff Louis Martir's direct supervisor from

approximately September 2002 until September 2006.

6.      Deny the allegations set forth in paragraph "6" of the Complaint, and affirmatively state that defendant Frank J. Cirillo currently holds the title of Senior Vice President of Operations for defendant HHC and that his office currently is located at 125 Worth Street, New York, New York 10007.

7.      Deny the allegations set forth in paragraph "7" of the Complaint, except admit that defendant Alan D. Aviles currently holds the title of President of defendant HHC and that his office currently is located at 125 Worth Street, New York, New York 10007.

8.      Deny the allegations set forth in paragraph "8" of the Complaint, except admit that plaintiff was appointed to the position of Executive Director of defendant HHC's Metropolitan Hospital Center effective September 9, 2002, and affirmatively state that the duties of said position include, but are not limited to, directing and coordinating all activities of hospital staff and support services to maximize cost-effective operations, directing the development and maintenance of an annual budget, authorizing purchases of hospital supplies and equipment, selecting and appointing department heads, and establishing an organizational structure which delineates authority, responsibility and accountability levels of department heads.

9.      Deny the allegations set forth in paragraph "9" of the Complaint, except admit that plaintiff's employment with defendant HHC was terminated effective September 8, 2006.

10.      Deny the allegations set forth in paragraph "10" of the Complaint.

11.      Deny the allegations set forth in paragraph "11" of the Complaint.

12.      Deny the allegations set forth in paragraph "12" of the Complaint.

13.      Deny the allegations set forth in paragraph "13" of the Complaint.

14.      Deny the allegations set forth in paragraph "14" of the Complaint.

15.     Deny the allegations set forth in paragraph "15" of the Complaint.

16.     Deny the allegations set forth in paragraph "16" of the Complaint.

17.     Deny the allegations set forth in paragraph "17" of the Complaint.

18.     Deny the allegations set forth in paragraph "18" of the Complaint.

19.     Deny the allegations set forth in paragraph "19" of the Complaint.

20.     Deny the allegations set forth in paragraph "20" of the Complaint.

21.     Deny the allegations set forth in paragraph "21" of the Complaint.

22.     Deny the allegations set forth in paragraph "22" of the Complaint.

23.     Deny the allegations set forth in paragraph "23" of the Complaint.

24.     Deny the allegations set forth in paragraph "24" of the Complaint.

25.     Deny the allegations set forth in paragraph "25" of the Complaint.

26.     Deny the allegations set forth in paragraph "26" of the Complaint, except admit that the City of New York ("the City") is a municipal corporation duly organized and existing under the Constitution and laws of the State of New York.

27.     Deny the allegations set forth in paragraph "27" of the Complaint, except admit that the City of New York owns Metropolitan Hospital Center and affirmatively state that defendant HHC, which operates Metropolitan Hospital Center, is an entity separate and distinct from the City of New York.

28.     Deny the allegations set forth in paragraph "28" of the Complaint, except admit that defendant City of New York was served with a notice of claim by the plaintiffs herein on or about December 7, 2006.

29.     Deny the allegations set forth in paragraph "29" of the Complaint, except admit that defendant City of New York has not demanded an examination, pursuant to New York

General Municipal Law § 50-h, of either plaintiff Louis Martir or plaintiff Liliana Martir with regard to the notice of claim served on or about December 7, 2006.

        30.     Deny the allegations set forth in paragraph "30" of the Complaint, except admit that more than thirty (30) days have elapsed since plaintiffs served their notice of claim on or about December 7, 2006, and that defendant City of New York has not offered adjustment or payment to the plaintiffs with regard to the allegations contained therein.

        31.     Deny the allegations set forth in paragraph "31" of the Complaint, and affirmatively state that defendant HHC is a public benefit corporation duly organized and existing under the laws of the State of New York.

        32.     Deny the allegations set forth in paragraph "32" of the Complaint, except admit that Metropolitan Hospital Center is operated by defendant HHC.

        33.     Deny the allegations set forth in paragraph "33" of the Complaint, except admit that defendant HHC was served with a notice of claim by the plaintiffs herein on or about December 7, 2006.

        34.     Deny the allegations set forth in paragraph "34" of the Complaint, except admit that defendant HHC has not demanded an examination, pursuant to New York General Municipal Law § 50-h, of either plaintiff Louis Martir or plaintiff Liliana Martir with regard to the notice of claim served on or about December 7, 2006.

        35.     Deny the allegations set forth in paragraph "35" of the Complaint, except admit that more than thirty (30) days have elapsed since plaintiffs served their notice of claim on or about December 7, 2006, and that defendant HHC has not offered adjustment or payment to the plaintiffs with regard to the allegations contained therein.

        36.     Deny the allegations set forth in paragraph "36" of the Complaint.

37.    Deny the allegations set forth in paragraph "37" of the Complaint.

38.    In that the allegations in paragraph "38" of the Complaint assert a legal conclusion, no responsive pleading is required.   To the extent that this paragraph includes allegations of fact, defendants deny those allegations.

39.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint, except admit that plaintiffs purport to proceed and request a trial by jury as set forth therein.

40.    In response to paragraph "40" of the Complaint, defendants repeat and reiterate their responses to each and every paragraph numbered "1" through "39" of the Complaint as if fully set forth herein.

41.    Deny the allegations set forth in paragraph "41" of the Complaint.

42.    Deny the allegations set forth in paragraph "42" of the Complaint.

43.    In response to paragraph "43" of the Complaint, defendants repeat and reiterate their responses to each and every paragraph numbered "1" through "42" of the Complaint as if fully set forth herein.

44.    Deny the allegations set forth in paragraph "44" of the Complaint.

45.    In that the allegations set forth in paragraph "45" of the Complaint assert a legal conclusion, no responsive pleading is required.   To the extent that this paragraph includes allegations of fact, defendants deny those allegations.

46.    Deny the allegations set forth in paragraph "46" of the Complaint.

47.    In response to paragraph "47" of the Complaint, defendants repeat and reiterate their responses to each and every paragraph numbered "1" through "46" of the Complaint as if fully set forth herein.

48.    Deny the allegations set forth in paragraph "48" of the Complaint.

49.    Deny the allegations set forth in paragraph "49" of the Complaint.

50.    Deny the allegations set forth in paragraph "50" of the Complaint.

51.    In response to paragraph "51" of the Complaint, defendants repeat and reiterate their responses to each and every paragraph numbered "1" through "50" of the Complaint as if fully set forth herein.

52.    Deny the allegations set forth in paragraph "52" of the Complaint.

53.    Deny the allegations set forth in paragraph "53" of the Complaint.

54.    Deny the allegations set forth in paragraph "54" of the Complaint.

55.    In response to paragraph "55" of the Complaint, defendants repeat and reiterate their responses to each and every paragraph numbered "1" through "54" of the Complaint as if fully set forth herein.

56.    Deny the allegations set forth in paragraph "56" of the Complaint.

57.    Deny the allegations set forth in paragraph "57" of the Complaint.

58.    Deny the allegations set forth in paragraph "58" of the Complaint.

59.    In response to paragraph "59" of the Complaint, defendants repeat and reiterate their responses to each and every paragraph numbered "1" through "58" of the Complaint as if fully set forth herein.

60.    Deny the allegations set forth in paragraph "60" of the Complaint.

61.    Deny the allegations set forth in paragraph "61" of the Complaint.

62.    Deny the allegations set forth in paragraph "62" of the Complaint.

63.    Deny the allegations set forth in paragraph "63" of the Complaint.

64.    Deny the allegations set forth in paragraph "64" of the Complaint.

65.    In response to paragraph "65" of the Complaint, defendants repeat and reiterate their responses to each and every paragraph numbered "1" through "64" of the Complaint as if fully set forth herein.

66.    Deny the allegations set forth in paragraph "66" of the Complaint.

67.    Deny the allegations set forth in paragraph "67" of the Complaint.

68.    Deny the allegations set forth in paragraph "68" of the Complaint.

69.    Deny the allegations set forth in paragraph "69" of the Complaint.

70.    Deny the allegations set forth in paragraph "70" of the Complaint.

71.    Deny the allegations set forth in paragraph "71" of the Complaint.

72.    Deny the allegations set forth in paragraph "72" of the Complaint.

73.    Deny the allegations set forth in paragraph "73" of the Complaint.

74.    Deny the allegations set forth in paragraph "74" of the Complaint.

75.    Deny the allegations set forth in paragraph "75" of the Complaint.

76.    Deny the allegations set forth in paragraph "76" of the Complaint.

77.    In response to paragraph "77" of the Complaint, defendants repeat and reiterate their responses to each and every paragraph numbered "1" through "76" of the Complaint as if fully set forth herein.

78.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "78" of the Complaint.

79.    Deny the allegations set forth in paragraph "79" of the Complaint.

### AS AND FOR A FIRST DEFENSE:

80.    The Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

### AS AND FOR A SECOND DEFENSE:

81.    The Complaint is barred, in whole or in part, by the applicable statutes of limitations.

### AS AND FOR A THIRD DEFENSE:

82.    The Complaint is barred, in whole or in part, by plaintiffs' failure to file a timely notice of claim pursuant to New York General Municipal Law § 50-e.

### AS AND FOR A FOURTH DEFENSE:

83.    The individually named defendants are immune from liability under the doctrine of qualified immunity.

### AS AND FOR A FIFTH DEFENSE:

84.     Defendants are shielded from suit by the doctrines of absolute privilege, qualified privilege, or both.

### AS AND FOR A SIXTH DEFENSE:

85.    Any damage claims contained in the Complaint are barred, in whole or in part, by plaintiffs' failure to mitigate damages.

### AS AND FOR A SEVENTH DEFENSE:

86.    The City of New York is not a proper party.

### AS AND FOR AN EIGHTH DEFENSE:

87.    The Complaint's request for punitive damages is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

### AS AND FOR A NINTH DEFENSE:

88.    Plaintiffs cannot maintain a claim under New York City Administrative Code § 12-113 because § 12-113 does not create a private cause of action.

**WHEREFORE,** defendants request judgment dismissing the Complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:      New York, New York
              January 10, 2008

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendants
                              100 Church Street, Room 2-138
                              New York, New York 10007
                              (212) 788-0866
                              cseacord@law.nyc.gov

                          By: _____
                              Christopher A. Seacord (CS 0821)
                              Assistant Corporation Counsel

To:     Edward S. Bosek, Esq.
          Weitz & Luxenberg, P.C.
          Attorneys for Plaintiff
          180 Maiden Lane
          New York, New York 10038

## <u>CERTIFICATE OF SERVICE</u>

On January 10, 2008, I caused a true and correct copy of the annexed Answer, dated January 10, 2008, to be served upon

Edward S. Bosek, Esq.
Weitz & Luxenberg, P.C.
Attorneys for Plaintiff
180 Maiden Lane
New York, New York 10038

by first-class mail by causing a copy of the same, enclosed in a properly addressed prepaid wrapper, to be deposited into an official depository under the custody and control of the United States Postal Service, directed to said attorney at the above address, that being the address designated by him for that purpose.

Dated:      New York, New York
            January 10, 2008

Christopher A. Seacord (CS 0821)
Assistant Corporation Counsel

07 Civ. 7922 (LTS)(KNF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOUIS MARTIR and LILIANA MARTIR,

Plaintiffs,

- against -

THE CITY OF NEW YORK, THE NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, JOSE R. SANCHEZ, FRANK J. CIRILLO and ALAN D. AVILES,

Defendants.

---

## ANSWER TO AMENDED COMPLAINT

---

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street, 2-138
New York, New York 10007-2601

Of Counsel:    Christopher A. Seacord
Tel:          (212) 788-0866

Matter No. 2007-031849

---

*Due and timely service is hereby admitted.*

*New York, N.Y.* .................................., 200 .

*Signed* ..................................

*Attorney for*..................................