UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

LOUIS MARTIR and LILIANA MARTIR,

                                                Plaintiffs,

                         - against -

THE CITY OF NEW YORK, THE NEW YORK CITY
HEALTH AND HOSPITALS CORPORATION, JOSE
R. SANCHEZ, FRANK J. CIRILLO and ALAN D.
AVILES,

                                         Defendants.

------------------------------------------------------------------- x

**PRELIMINARY PRE-TRIAL STATEMENT**

07 Civ. 7922 (LTS)(KNF)

       Pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure and the Individual Practices of Hon. Laura Taylor Swain, United States District Judge, the parties hereby submit the following as their Preliminary Pre-Trial Statement:

(a) <u>Nature of Action</u>:

       Plaintiffs Louis Martir, a former Executive Director of defendant New York City Health and Hospital Corporation's ("HHC's") Metropolitan Hospital Center, and Liliana Martir, his wife, bring this action pursuant to 42 U.S.C. § 1983, New York State Labor Law §§ 740 and 741, New York State Civil Service Law §§ 75 and 75-b, and New York City Administrative Code § 12-113. Specifically, plaintiff Louis Martir alleges that the defendants violated his rights under the First and Fourteenth Amendments, as well as New York State and New York City law, by terminating his employment in retaliation to his objections to certain accounting and bookkeeping practices of defendants.

       Plaintiff Louis Martir further alleges that defendants violated his right to privacy by revealing his medical and health condition to others and using said information to undermine plaintiff's attempt to find employment.

       Plaintiff Louis Martir also alleges that defendant Jose R. Sanchez slandered him by false statements concerning plaintiff's health and medical condition, specifically that plaintiff's departure from HHC was due to cancer.

       Finally, plaintiff Liliana Martir alleges that the injuries sustained by her husband, Louis Martir, has deprived her of the services, society, care, comfort, and consortium of her husband.

(b) <u>Jurisdictional Basis</u>:

       The parties agree that the Court's jurisdiction is based on federal questions raised in the Complaint. Plaintiff asserts violations of 42 U.S.C. § 1983 and the First and Fourteenth

Amendments to the United States Constitution. Therefore, jurisdiction is conferred upon this Court by 28 U.S.C. § 1343, which provides for original jurisdiction over all actions brought pursuant to 42 U.S.C. § 1983, and by 28 U.S.C. § 1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States.

(c) Material Uncontested or Admitted Facts:

- Plaintiff Louis Martir was appointed to the position of Executive Director of defendant HHC's Metropolitan Hospital Center effective September 9, 2002.

- As Executive Director, plaintiff's duties included, but were not limited to, directing and coordinating all activities of hospital staff and support services to maximize cost-effective operations, directing the development and maintenance of an annual budget, authorizing purchases of hospital supplies and equipment, selecting and appointing department heads, and establishing an organizational structure which delineates authority, responsibility and accountability levels of department heads.

- Plaintiff's employment with defendant HHC was terminated effective September 8, 2006.

- Defendant City of New York is a municipal corporation duly organized and existing under the Constitution and laws of the State of New York.

- Defendant City of New York owns Metropolitan Hospital Center and leases the building and premises to defendant HHC.

- Defendant HHC operates Metropolitan Health Center.

- Defendant Jose R. Sanchez currently holds the titles of Senior Vice President in charge of HHC's Generations Plus Northern Manhattan Health Network and Executive Director of Lincoln Medical and Mental Health Center and served as plaintiff Louis Martir's direct supervisor from approximately September 2002 until September 2006.

- Defendant Frank J. Cirillo currently holds the title of Senior Vice President of Operations for defendant HHC.

- Defendant Alan D. Aviles currently holds the title of President of HHC.

(d) Uncontested Legal Issues:

There are no uncontested legal issues.

(e)  Legal Issues To Be Decided By The Court:

    1.      Whether defendants improperly retaliated against plaintiff Louis Martir in violation of the First and Fourteenth Amendments to the United States Constitution.

    2.      Whether defendants violated New York State Labor Law §§ 740 and 741.

    3.      Whether defendants violated New York State Civil Service Law §§ 75 and 75-b.

    4.      Whether defendants violated New York City Administrative Code § 12-113.

    5.      Whether defendants violated plaintiff Louis Martir's right to privacy.

    6.      Whether defendant Jose R. Sanchez committed the tort of defamation against plaintiff Louis Martir.

    7.      Whether plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

    8.      Whether plaintiffs' claims are barred, in whole or in part, by plaintiffs' failure to file a timely notice of claim pursuant to New York General Municipal Law § 50-e.

    9.      Whether the individually named defendants are immune from liability under the doctrine of qualified immunity.

    10.     Whether defendants are shielded from suit by the doctrines of absolute privilege, qualified privilege, or both.

    11.     Whether the City of New York is a proper party to this action.


(f)  Concise Statement of Disputed Facts:

Plaintiffs' statement of material disputed facts is as follows:

-   The irregularities and practices herein referred to involved the allocation of personnel and non-personnel expenses to the Metropolitan Hospital Center ("Metropolitan").

-   The salary and ancillary expenses for individuals who were essentially working at and performing tasks for Lincoln Hospital were being charged to Metropolitan.

-   Vehicle expenses, the cost of gasoline and the salaries of drivers, utilized for the benefit of Lincoln Hospital were charged to Metropolitan.

-   The contract for food service was detrimental to Metropolitan and further reduced the funds available to the facility and in fact lost revenue.

- Additionally, the cost and expenses incurred in the maintenance of the Residence building were taken from the budge of Metropolitan and not from the Auxillary fund.

- These practices reduced the amount of funds available to Metropolitan to provide for and to improve the quality of medical care to their patients and community.

Defendants' statement of disputed facts is as follows:

- Defendants dispute plaintiffs' statement of disputed facts.
- Defendants respectfully refer the Court to their Answer to the Complaint for defendants' statement of disputed facts.
- In addition to the Answer, defendants state the following:
  o Plaintiff did not engage in protected speech under the First Amendment to the United States Constitution, because plaintiff did not complain to anyone at HHC as a citizen about matters of public concern.
  o Defendants deny that plaintiff's First Amendment rights were violated and that he was retaliated against.
  o Defendants terminated plaintiff because he failed to perform the duties of his position satisfactorily, not because he engaged in protected speech.

(g)  Concise Statement Of Each Cause Of Action Asserted:

First Cause of Action:    Plaintiff Louis Martir alleges that his First and Fourteenth Amendment rights were violated when he was terminated in retaliation for his objections and complaints regarding the accounting and bookkeeping practices of defendants which had a detrimental and negative impact on patient care.

Second Cause of Action:    Plaintiff Louis Martir alleges that the defendants violated New York State Labor Law §§ 740 and 741 by terminating his employment in retaliation for the aforesaid objections and complaints regarding the accounting and bookkeeping practices of defendants.

Third Cause of Action:    Plaintiff Louis Martir alleges that the defendants violated New York State Civil Service Law §§ 75 and 75-b by terminating his employment in retaliation for the aforesaid objections and complaints regarding the accounting and bookkeeping practices of defendants.

Fourth Cause of Action:    Plaintiff Louis Martir alleges that the defendants violated New York City Administrative Code § 12-113 by terminating his employment in retaliation for the aforesaid objections and

complaints regarding the accounting and bookkeeping practices of defendants.

Fifth Cause of Action:    Plaintiff Louis Martir alleges that the defendants violated his right to privacy by revealing his medical and mental health condition to others with the intention of embarrassing and humiliating him.

Sixth Cause of Action:    Plaintiff Louis Martir alleges that defendant Jose R. Sanchez slandered and defamed him by making intentionally false allegations and statements as to plaintiff Louis Martir's state of health and mental condition.

Seventh Cause of Action:    By reason of the damages and injuries sustained by her husband, plaintiff Liliana Martir has been deprived of services, society, care, comfort, and consortium of her husband.


(h) Concise Statement Of All Defenses:
- First Defense: Plaintiff Louis Martir has failed to state a claim of retaliation in violation of 42 U.S.C. § 1983 because he does not allege that he engaged in protected speech. Specifically, plaintiff's allegations do not demonstrate that he was speaking as a citizen on matters of public concern. See, e.g., Garcetti v. Ceballos, 547 U.S. 410, 126 S. Ct. 1951 (2006); Connick v. Myers, 461 U.S. 138, 103 S. Ct. 1684 (1983).
- Second Defense: Plaintiffs' state law claims are barred, in whole or in part, by the applicable statutes of limitations. See N.Y. Gen. Municipal Law § 50-i; N.Y. C.P.L.R. § 215(3).
- Third Defense: Plaintiffs' state law claims are barred, in whole or in part, by their failure to file a timely notice of claim pursuant to New York General Municipal Law § 50-e.
- Fourth Defense: The individually-named defendants are entitled to qualified immunity with respect to plaintiffs' claims under 42 U.S.C. § 1983 because (a) the defendants have not violated any rights of which a reasonable person would have been aware, and (b) it was objectively reasonable for the defendants to have believed that their actions were lawful and proper. See, e.g. Lennon v. Miller, 66 F.3d 416, 423 (2d Cir. 1995).
- Fifth Defense: With respect to plaintiff Louis Martir's claim of defamation, the defendants are entitled to absolute privilege, qualified privilege, or both. See, e.g., Foster v. Churchill, 87 N.Y.2d 744 (1996); 600 W. 115th St. Corp. v. Von Gutfeld, 80 N.Y.2d 130 (1992), cert. denied, 508 U.S. 910 (1993).
- Sixth Defense: Plaintiff Louis Martir's claim for front and/or back pay is barred by his failure to mitigate damages.
- Seventh Defense: The City of New York, which is a legal entity separate and distinct from HHC, is not a proper party to this action. See, e.g., Haynes v. Guiliani, 238 A.D.2d 257 (1997).
- Eighth Defense: The Complaint's request for punitive damages is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision. See, e.g., Newport v. Fact Concerts, 453 U.S. 247, 101 S. Ct. 2748 (1981).

- Ninth Defense:  Plaintiffs cannot maintain a claim under New York City Administrative Code § 12-113 because § 12-113 does not create a private cause of action.
- Tenth Defense:  Plaintiffs have failed to state a claim under New York Labor Law §§ 740 and 741.
- Eleventh Defense:  Plaintiffs have failed to state a claim under New York Civil Service Law §§ 75 and 75-b.
- Twelfth Defense:  Because plaintiff Louis Martir`s claims must be dismissed, so too must those of his wife, plaintiff Liliana Martir.  See, e.g., Buckley v. National Freight, 90 N.Y.2d 210 (1997).

(i) Measure And Burden Of Proof:

The burden of proof is on plaintiff.

(j) Amendment To The Pleadings:

The parties have 30 days from the date of the initial conference in this matter to amend their pleadings.

(k) Consent To Trial By A Magistrate Judge:

The parties do not agree to trial by United States Magistrate Judge Kevin N. Fox.

(l) Initial Disclosures:

Disclosure required under Fed. R. Civ. P. 26 (a) (1) shall be made by February 25, 2008.

(m) Discovery Plan:

The parties agree to conduct discovery as follows:

1. "Paper" Discovery
   a. Service of First Set of Interrogatories and Request for Documents shall be made no later than March 31, 2008.
   b. Responses shall be due no later than May 30, 2008.
   c. Plaintiffs intend to request disclosures regarding HHC's accounting and payroll records for Metropolitan Hospital Center and Lincoln Medical and Mental Health Center for the period beginning calendar/fiscal year 2000 up to and including calendar/fiscal year 2007.  Such records should include, but are not limited to, balance sheets, profit and loss statements, hospital cost reports, payroll lists, and contracts with vendors at Metropolitan.
   d. Defendants intend to request documents in plaintiffs' possession concerning their claims and alleged damages.
2. Depositions
   a. Depositions of fact witnesses shall be commenced after the completion of "paper" discovery and shall be completed by September 16, 2008.

      b.  Plaintiffs anticipate taking, at the very least, 8 depositions, which would include each individual defendant, as well as the depositions of any experts on which defendants intend to rely.

      c.  Defendants anticipate taking, at the very least, the deposition of both plaintiffs, as well as any experts on which plaintiffs intend to rely.

(n)  <u>Expert Discovery</u>:

    1.  Expert Discovery shall be completed by November 12, 2008.

    2.  Plaintiffs may rely upon expert testimony in the area of Forensic Accounting, in order to assess and analyze the accounting and bookkeeping practices at issue, as well as expert testimony regarding the economic loss suffered by plaintiff Louis Martir.

    3.  Defendants may offer expert evidence and testimony to counter the evidence proffered by plaintiffs' experts.

(o)  <u>Changes Or Limitations On Discovery</u>:

    1.  Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the parties agree to produce all electronically stored information in paper format, unless otherwise agreed to by the parties or, failing agreement,[1] on application to the Court for good cause shown.

    2.  The parties agree that if discovery needs to be extended past the dates provided for herein, they will request permission from the Court at that time.

(p)  <u>Settlement and Mediation</u>:

    The parties have not agreed on a settlement, and do not believe that mediation is appropriate at this time.

(q)  <u>Trial</u>:

    Plaintiffs have requested a trial by jury and the parties project that a trial would last between eight (8) and ten (10) business days.

---

[1] The parties specifically agree that they will attempt to resolve any disputes concerning electronically stored information prior to making any application to the Court as required by the Federal Rules of Civil Procedure, the Local Rules of this Court and the Individual Practices of the assigned District Judge and/or Magistrate Judge.

(r)    Other Orders That Should Be Entered:

    None.

Dated: January 17, 2008
      New York, New York

WEITZ & LUXENBERG, P.C.
Attorneys for Plaintiffs
180 Maiden Lane, 17th Floor
New York, NY 10038
(212) 558-5500
gklein@weitzlux.com

By: _____
       Gary Klein, Esq.

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Attorney for Defendants
100 Church Street, Room 2-138
New York, New York 10007
(212) 788-0866
cseacord@law.nyc.gov

By: _____
     Christopher A. Seacord
     Assistant Corporation Counsel

SO ORDERED:

_____
Hon. Laura Taylor Swain
United States District Judge