```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
LOUIS MARTIR and LILIANA MARTIR,      :

                Plaintiffs,           :

        -against-                     :           REPORT AND RECOMMENDATION

THE CITY OF NEW YORK, et al.,         :           07 Civ. 7922 (LTS)(KNF)

                Defendants.           :

------------------------------------------------------X
```

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE LAURA TAYLOR SWAIN, UNITED STATES DISTRICT JUDGE

## I.  INTRODUCTION

Before the Court is the defendants' motion for a preliminary injunction, in which they request an order: (1) "restraining and enjoining plaintiffs and their agents . . . from disclosing, copying or transmitting any and all" Metropolitan Hospital quality assurance committee meeting minutes and any other documents that are confidential, pursuant to New York Public Health Law § 2805-m, New York Education Law § 6527(3) and the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"); (2) requiring the plaintiffs to return any such documents within twenty-four hours; (3) requiring the plaintiffs to disclose how they obtained such documents; (4) requiring the plaintiffs to identify specifically any such documents in their possession; (5) requiring each plaintiff to "account for each and every person to whom he or she has disclosed the contents of the quality assurance committee minutes" and any other confidential and privileged documents; and (6) restraining the plaintiffs from "discussing with any third party any information or knowledge they may have obtained through their possession of

these privileged and confidential documents." The defendants contend that they will suffer irreparable harm if injunctive relief is not granted, since: (1) they may be subject to "potential" civil and "possible" criminal monetary penalties; (2) public trust respecting the confidentiality of patient information would be harmed; (3) damage would be done to the "crucial quality assurance process mandated by law"; and (4) "potential breaches of patient confidentiality and the quality assessment program . . . could jeopardize certification for participation in the Medicare and Medicaid programs and accreditation." The plaintiffs oppose the motion.

## II.  BACKGROUND AND PROCEDURAL HISTORY

In the amended complaint, plaintiff Louis Martir ("Martir") alleges the City of New York, the New York City Health and Hospitals Corporation ("HHC"); Jose R. Sanchez, Senior Vice President, Metropolitan Hospital Center ("MHC"); Frank J. Cirillo, HHC Senior Vice President, Operations, and Alan D. Aviles, HHC President (collectively, "the defendants"), violated his constitutional rights, and New York law, by terminating his employment. Martir contends he was employed by HHC, and served as MHC's Executive Director, beginning in September 2002. Martir maintains he was terminated, in September 2006, after expressing a belief that the defendants' "accounting and bookkeeping practices were improper, inappropriate, illegal, and contrary to law, and [] ignored the paying of salaries to employees who were not working." Martir believed the defendants' "financial irregularities and improprieties caused the diminution of patient services and medical care," and he voiced his concerns regarding the quality of patient care. Martir contends his termination was retaliation for exercising his rights to free speech and expression.

According to the defendants, in October 2008, they reviewed documents tendered by the plaintiffs during discovery, and learned the plaintiffs had provided "draft minutes from a quality assurance committee meeting regarding certain incidents occurring at Metropolitan Hospital Center." The defendants maintain this document is "highly confidential and legally-protected from disclosure."

In February 2009, the defendants filed a motion for summary judgment, seeking dismissal of the plaintiffs' complaint. On May 8, 2009, the plaintiffs filed their opposition to the defendants' summary judgment motion, including a declaration by Edward Bosek, Esq. ("Bosek"), counsel to the plaintiffs, which has as an attachment various exhibits, including "[a] copy of the Quality Assurance Report reporting on the death of a patient." Bosek explained that "[d]efendant [sic] objects to the publication of this document, alleging it is confidential. It is available for in-camera review."

On May 11, 2009, the defendants filed the instant preliminary injunction motion. By an order dated June 9, 2009, the Court directed the parties to submit a joint writing specifying, <u>inter alia</u>, the documents in controversy. In a joint writing, dated June 29, 2009, the parties clarified that Louis Martir is in possession of a "one page [document] from the draft minutes of a quality assurance meeting involving certain incidents that occurred at Metropolitan Hospital Center."

### III. DISCUSSION

"[A] party seeking a preliminary injunction must establish that it will suffer irreparable harm in the absence of an injunction and demonstrate either (1) a likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." <u>Espinal v. Goord</u>,

3

180 F. Supp. 2d 532, 536 (S.D.N.Y. 2002) (quoting Jolly v. Coughlin, 76 F.3d 468, 473 [2d Cir. 1996]). "A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction," and "[to] satisfy the irreparable harm requirement, [p]laintiffs must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." Faiveley Transport Malmo AB v. Wabtec Corp., 559 F.3d 110, 118 (2d Cir. 2009) (internal quotations and citations omitted).

  Based on the parties' respective submissions, the Court finds that the defendants have not met their burden of demonstrating irreparable harm. Whether state or federal law classifies the document in question as privileged or confidential, or whether civil or criminal monetary penalties may be levied for violating the pertinent state or federal statute(s), does not establish that the defendants face "actual and imminent" harm due to the plaintiffs' possession of this document. Id. at 118. In fact, the defendants have known the plaintiffs possess the document since October 2008 and did not file their preliminary injunction motion seeking the document's return until May 2009 – seven months later. This suggests the alleged irreparable harm the defendants will suffer, occasioned by the plaintiffs' possessing the document, is not "imminent." See Majorica v. R.H. Macy & Co., Inc., 762 F.2d 7, 8 (2d Cir. 1985) ("Lack of diligence, standing alone, may . . . preclude the granting of preliminary injunctive relief, because it goes primarily to the issue of irreparable harm. . . .").

  In addition, the state-law privileges encompassed by New York Educ. Law § 6527(3) and New York Pub. Health Law § 2805(m) "must yield so that [a] plaintiff may pursue his federal cause of action and enforce his First Amendment rights." Franzon v. Massena Memorial

Hospital, 189 F.R.D. 220, 222 (N.D.N.Y. 1999).  Furthermore, 45 C.F.R. § 164.502(j) provides a "whistleblower" exception to the "covered-entity" bar on disclosing medical information.  The regulation provides that "[a] covered entity is not considered to have violated the requirements of this subpart if a member of its workforce . . . discloses protected health information, provided that. . . [t]he workforce member . . . believes in good faith that the covered entity has engaged in conduct that is unlawful or otherwise violates professional or clinical standards . . . and . . . [t]he disclosure is to . . . [a]n attorney retained on behalf of the workforce member . . . for the purpose of determining the legal options of the workforce member. . . ."  As such, Martir's disclosure of the quality assurance document to his attorney does not necessarily violate HIPAA, id., nor does his possession of this document, for use in his federal lawsuit to enforce his First Amendment rights, necessarily violate provisions of New York's Public Health or Education Law.  See Franzon, 189 F.R.D. at 222.

     Further, the defendants' claim of "irreparable harm"– based upon the "potential breaches of patient confidentiality and the quality assessment program [that] could jeopardize certification for participation in the Medicare and Medicaid programs and accreditation," exposure to "potential civil liability for breaches of patient confidentiality," and "possible criminal penalties under New York Public Health Law and/or HIPAA"– is insufficient to garner them relief, since such "potential" or "possible" harm has not been shown by the defendants to be either "likely" or "actual and imminent."  See Clonus Associates v. Dreamworks, LLC, 417 F. Supp. 2d 248, 250 (S.D.N.Y. 2005) ("The party requesting a preliminary injunction must show not only that irreparable injury is possible, but that it is likely.") (internal quotations and citation omitted).

In addition to failing to demonstrate imminent – and not speculative – harm, to the extent the defendants allege they may be subject to civil and criminal monetary penalties based upon Martir's alleged removal of the quality assurance document, the defendants have not shown that such harm is "incapable of being fully remedied by monetary damages." Reuters Ltd. v. United Press Int'l, Inc., 903 F.2d 904, 907 (2d Cir. 1990); see also Sperry Int'l Trade, Inc. v. Gov't of Israel, 670 F.2d 8, 12 (2d Cir. 1982) ("if it appears that the potential harm to the moving party is simply a monetary loss, the potential injury is normally not deemed irreparable and hence does not justify injunctive relief").

Since it appears that the defendants are "unable to establish irreparable harm," they are "not entitled to equitable relief no matter how likely [their] chances of success on the merits," and no additional analysis – such as of the likelihood of success on the merits or the balance of the hardships – is necessary.[1]  See Pinckney v. Board of Education of the Westbury Union Free School District, 920 F. Supp. 393, 402 (E.D.N.Y. 1996). In the circumstance of the case at bar,

---

[1] Even if the defendants had made an adequate showing of irreparable harm, the defendants have not demonstrated a likelihood of success on the merits, since they provide only a conclusory allegation that they "will succeed on the merits because [the defendants] ha[ve] no adequate remedy at law and ha[ve] shown [they] will suffer irreparable harm if an injunction is not granted." However, the moving party has "the burden of demonstrating a likelihood of success on the merits of each of the[] claims [raised in the complaint]," and, "[i]f [he does] not present sufficient facts . . . to back [his] assertions, the paucity of the evidence in the record will prevent [the court] from holding that [he has] shown a likelihood of success." New York City Environmental Justice Alliance v. Giuliani, 214 F.3d 65, 68 (2d Cir. 2000) (internal quotations and citations omitted). Since the defendants do not discuss the merits of the claims raised in the plaintiffs' complaint, they have not shown a likelihood of success on the merits. Id. In addition, the defendants do not allege that "sufficiently serious questions going to the merits to make them a fair ground for litigation" exist and state only that a balance of the hardships tip decidedly in their favor. Inasmuch as the defendants have not shown irreparable harm and that both sufficiently serious questions and the balance of the hardships tip in their favor, their request for a preliminary injunction fails on this front as well.

denying the defendants' request for injunctive relief is warranted, as an insufficient showing has been made that they are entitled to the equitable relief they seek.

## IV. RECOMMENDATION

For the reasons set forth above, I recommend that the defendants' motion, Docket Entry No. 39, be denied.

## V. FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also, Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Laura T. Swain, 500 Pearl Street, Room 755, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Swain. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York  
      July 29, 2009

Respectfully submitted,

*Kevin Nathaniel Fox*  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE